

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00250-CV

_____

ESTATE OF HAWLEY JUNIOR HART, DECEASED

---

On Appeal from Probate Court No. 1
Tarrant County, Texas
Trial Court No. 2021-PR01600-1-A

---

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Birdwell

**MEMORANDUM OPINION**

Appellant Joseph Obikoya attempts to appeal the trial court's judgment, but he filed his notice of appeal too late.

"[T]he time for filing a notice of appeal is jurisdictional in this court." *Allstate Fire & Cas. Ins. Co. v. Dollard*, 679 S.W.3d 279, 282 (Tex. App.—Fort Worth 2023, no pet.) (quoting *Manning v. Funimation*, No. 02-22-00145-CV, 2022 WL 1573486, at *1 (Tex. App.—Fort Worth May 19, 2022, no pet.) (mem. op.)); *see* Tex. R. App. P. 25.1(b). Generally, the notice of appeal must be filed within thirty days after the judgment is signed, but if the appellant "timely" files a qualifying postjudgment motion—such as a request for findings of fact and conclusions of law—the deadline is extended to ninety days after the judgment is signed.[1] Tex. R. App. P. 26.1.

Here, the trial court signed the final judgment on February 29, 2024, so Obikoya's notice of appeal was due thirty days later (by April 1, 2024[2]) unless he timely filed a qualifying postjudgment motion. *See id.* Obikoya requested findings of fact and conclusions of law—a potentially qualifying postjudgment motion—but his request was untimely; it was filed one day too late. *See* Tex. R. App. P. 26.1(a)(4) (extending appellate deadline if "timely" request for findings and conclusions is filed);

---

[1]An appellant may also request a fifteen-day extension if the request is filed within fifteen days after the deadline. *See* Tex. R. App. P. 26.3.

[2]The thirtieth day after February 29, 2024, was March 30, 2024, but because that day was a Saturday, the deadline rolled over to "the end of the next day which [wa]s not a Saturday, Sunday, or legal holiday": Monday, April 1, 2024. Tex. R. Civ. P. 4.

Tex. R. Civ. P. 296 (providing that request for findings and conclusions "shall be filed within twenty days after judgment is signed"). Because this untimely request did not extend the deadline for Obikoya's notice of appeal beyond April 1, 2024, the notice of appeal that he filed on May 29, 2024, was well past its due date.

Consequently, we expressed our concern that we lacked jurisdiction over Obikoya's appeal. We warned that we might dismiss the appeal unless, within ten days, Obikoya (or any other party) filed a response showing grounds for continuing it. *See* Tex. R. App. P. 42.3(a), 44.3; *Allstate*, 679 S.W.3d at 291 (reiterating that, "[a]bsent a timely[ ]filed notice of appeal . . . , we must dismiss the appeal" (quoting *Manning*, 2022 WL 1573486, at *1)). More than ten days have passed, and we have not received a response.

We therefore dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered: July 3, 2024

3